UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VLADISLAV KANDINOV

                Plaintiff

-against-

THE CITY OF NEW YORK,
POLICE OFFICER FRANK MALLIMO Shield # 7763,
POLICE OFFICER ATARA ASHFORD Shield # 15470,
POLICE OFFICER FRANCISCO ACOSTA Shield #30047,
SERGEANT MICHAEL DARIO Shield # 07093,
SERGEANT ALEXANDER MONTERO Shield #Unknown,
OFFICERS JOHN DOE # 1 through 4 in their
individual and official capacities as employees of the
City of New York
                Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**
**14 CV 6518**

      The Plaintiff, VLADISLAV KANDINOV, by his attorney, Amy Rameau, Esq., alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

      2.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

### JURISDICTION

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

### VENUE

7. Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

### PARTIES

8. Plaintiff was at all material times a resident of the City of New York, and of proper age to commence this lawsuit.

9. Defendant officers were at all times relevant to this complaint duly appointed officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws,

statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. The City was at all material times the public employer of defendant officers named herein.

12. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

13. Plaintiff is a twenty-five-year-old male.

**Background**

14. On September 4, 2013, plaintiff shattered his tibia when he fell from a roof while fixing the shingles on said roof. The fall not only shattered plaintiff's tibia it also damaged nearly every single ligament in plaintiff's ankle. Plaintiff was rushed the Emergency Room at Lutheran Hospital. Once Plaintiff arrived at the hospital, plaintiff was rushed into surgery. On or about September 4, 2013, surgeons placed two (2) metal rods and a metal plate in plaintiff's foot.

15. Plaintiff spent 5 months in a wheel chair subsequent to the surgery. Doctors feared plaintiff would never walk again. In January 2014, surgeons operated on plaintiff again, this time to remove the rods previously inserted into plaintiff's foot. Doctors directed plaintiff to not put any weight whatsoever on the injured foot. Plaintiff was given crutches to assist in his mobility.

16. At the time plaintiff came across the defendant officers in this matter, plaintiff was still on crutches and not yet ready to even begin physical therapy. For

the pain, plaintiff was prescribed pain medication that plaintiff carried with him at all times in a prescription bottle.

17. On April 23, 2014, plaintiff was sitting in a car in front of 2223 62nd Street when six (6) police car surrounded the car and undercover and plain clothes officers approached plaintiff. The officers displayed a very aggressive posture. They all yelled and screamed "where is the gun? .... where is the fucking gun?" Plaintiff was startled and responded "Officer what is going on?" "Where the fuck is the gun?" they officers demanded. Plaintiff had no idea what these defendants were referring to. Plaintiff made it very clear to the officers that he did not have a gun. The officers opened the door, grabbed plaintiff. Plaintiff begged for merci and pleaded with the officers "please... I have a broken ankle." Undeterred, the officer dragged plaintiff out of the car on his bad foot using brute force and dumped plaintiff on the street. Plaintiff screamed. Plaintiff was in severe pain.

18. The officers rummaged through plaintiff's car without permission or consent, without reasonable suspicion and without probable cause. They claim they found 2 loose pills in the car. Those allegations were completely false. No weapon was recovered. The officers lifted plaintiff onto his feet in spite of plaintiff's pleas. Plaintiff begged them "please give me my crutches ... my tibia is broken, please". "No" they responded, "you can't have your crutches ... you little bitch." A female officer in plain clothes at the scene, looked at plaintiff in disgust and called plaintiff "a fat fuck." Plaintiff pleaded with her to remove his cuffs and so that plaintiff could remove his own socks and show the officers his surgical scars. The female officers said "fuck NO". Plaintiff then begged her to remove the sock herself so that officers will see the surgical sites in question. At that time, the same female officer in plain clothes looked at plaintiff and said " I'm not touching that you fat fuck."

19. Plaintiff begged and pleaded for his crutches before two (2) male police officers in uniform took plaintiff by the arms and attempted to drag plaintiff to an awaiting police car. Plaintiff screamed out in agony. Plaintiff's cries were captured on video. Plaintiff was in so much pain that he fainted as he was being dragged on his broken foot. The same two (2) officers suddenly dumped plaintiff onto the street. Plaintiff came to when the same female officer referenced above kicked plaintiff in the broken ankle. Plaintiff cried out in pain as he came to. The officers dragged plaintiff into the police car, lodging plaintiff's injured foot in a truly uncomfortable position in the back seat. Plaintiff lost consciousness again while being transported. The pain was excruciating, overwhelming. Plaintiff requested medical attention and was denied medical attention.

20. They transported plaintiff to the 62nd Precinct and later to central bookings, and denied him access to his crutches all along. Plaintiff was released on his own recognizance after his arraignment.

21. Defendant officers caused plaintiff additional emotional and psychological injuries.

22. At no time during any of the events described above was plaintiff a threat to the safety of himself or others, or disorderly.

23. Plaintiff did not commit any criminal offenses.

24. Defendant officers arrested plaintiff and filed false criminal charges against plaintiff.

25. All charges filed against plaintiff by defendant officers were dismissed.

26. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize and/or detain the person of plaintiff for transport.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

28. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

 i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and;

 ii. Loss of his physical liberty;

 iii. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

 iv. Freedom from the unreasonable seizure of his person;

 v. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT ONE
## 42 U.S.C. § 1983
## False Arrest/False Imprisonment/Malicious Prosecution
## Against Individual Defendants

29. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

30. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant officers for violation of his constitutional rights under color of law.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT TWO
## False Arrest and Illegal Imprisonment
## Against Individual Defendants

32. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

32. By their conduct, as described herein, the individual defendant officers are liable to plaintiff for falsely arresting and falsely imprisoning plaintiff.

33. Plaintiff was conscious of the confinement.

34. Plaintiff did not consent to the confinement.

35. Plaintiff's confinement was not otherwise privileged.

## COUNT THREE
## 42 U.S.C. § 1983
## Excessive Use of Force
## Against Individual Defendants

36. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

36. The conduct and actions of defendants acting under color of law and under their authority as New York City police officers was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful

justification, and was designed to and did cause specific bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Assault and Battery
### Against Individual Defendants

38. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

39. Defendant officers assaulted and battered plaintiff.

40. As a direct and proximate result of this assault and battery, plaintiff suffered the damages herein alleged.

## COUNT FIVE
### Intentional Infliction of Emotional Distress

42. The plaintiff incorporates by reference the allegations set above as if fully set forth herein.

43. By the actions described above, defendant officers mentioned herein, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

44. As a result of the foregoing, the plaintiff was subjected to great humiliation, and was otherwise damaged and injured.

## COUNT SIX
### Negligence

45. The plaintiff incorporates by reference the allegations set forth above as if full set forth herein.

46. The defendants, jointly and severally, negligently caused physical injuries and substantial pain, denied medical treatment, and caused extreme emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights guaranteed him by the laws and Constitution of the State of New York.

47. As a result of the foregoing, the plaintiff sustained painful injuries, was subjected to great humiliation and emotional distress, was deprived of liberty and detained, and was otherwise damage and injured.

## COUNT SEVEN
### 42 U.S.C. § 1983
### Against Defendant City

48. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

49. Prior to the date of the incident alleged herein, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of plaintiff's rights.

50. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of widespread, systemic police misconduct, and such acts of misconduct have instead been allowed by the City of New York.

51. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New York did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

52. The effects of any in-service training and re-training of officers known to have engaged in police misconduct were wholly negated by the rampant culture of misconduct and impunity sanctioned by the command structure of the New York City Police Department and City of New York.

53. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be allowed.

54. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

### COUNT EIGHT
### Respondeat Superior Liability
### Against the City of New York

55. The plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

56. The conduct of defendant officers occurred while they were on duty, under the color of law, in and during the course and scope of their official duties and functions as duly sworn New York City police officers, and while they were acting as agents and employees of the City of New York and the NYPD, and as a result the defendants City of New York and the NYPD are liable to the plaintiff pursuant to the doctrine of respondeat superior.

56. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT NINE
### Negligent hiring/Training/Retention of Employment Services
### Against Defendant City

57. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

58. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

59. Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

60. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

61. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

62. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: March 26, 2015
Brooklyn, New York

THE PLAINTIFF,
BY

_____
Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
Fax:    (718) 875-5440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
      VLADIMIR KANDINOV,

                         Plaintiff,                   **AMENDED   COMPLAINT AND  JURY DEMAND 14 CV 6518 (MJO) (JO)**

         -against-

THE CITY OF NEW YORK,
POLICE OFFICER FRANK MALLIMO Shield # 7763,
POLICE OFFICER ATARA ASHFORD Shield # 15470,
POLICE OFFICER FRANCISCO ACOSTA Shield #30047
SERGEANT MICHAEL DARIO Shield # 07093,
SERGEANT ALEXANDER MONTERO Shield #Unknown,
OFFICERS JOHN DOE # 1 through 4 in their
individual and official capacities as employees of the
City of New York,

                          Defendants.
-------------------------------------------------------------------------X

Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
Fax:   (718) 875-5440